UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHRISTOPHER YOUNG, | No.  2:21-cv-01660 KJM AC PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| STEVEN RICHARD BURLINGHAM, et al., | |
| Defendants. | |

On September 15, 2021, plaintiff filed his case in pro se and paid the filing fee.  ECF No. 1.  The action was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed with prejudice.

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).

The complaint alleges federal question jurisdiction, based on the following: "Fraud Upon the Court as set forth in Cox v. Burke 706 So.2d 43 47 (Fla. 5th DCA 1998) (FRCP 60(b) The Catch-all permits relief from a Judgment for any reason that justifies relief." ECF No. 1 at 5. The foregoing does not establish federal question jurisdiction. The case cited, Cox v. Burke, 706 So. 2d 43, 47 (Fla. Dist. Ct. App. 1998), is a Florida state court case that has no bearing on federal jurisdiction. Indeed, the Cox decision does not reference federal jurisdiction at all. Federal Rule of Civil Procedure 60(b) likewise does not create jurisdiction; it provides for relief from a federal judgment in certain circumstances.

A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Plaintiff's complaint does not clearly invoke any federal law or constitutional right. See ECF No. 1. The contents of plaintiff's 101-page complaint, though difficult to decipher, appears to appeal a state court judgment or sue attorneys for defrauding plaintiff's mother in a state court case. See ECF No. 1 at 11-17.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, no later than October 13, 2021, why this court has subject matter jurisdiction over his case. If plaintiff fails to respond by October 13, 2021, the court will recommend dismissal of his case with prejudice for lack of subject matter jurisdiction.

DATED: September 16, 2021.

_Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE