UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CHRISTOPHER YOUNG, | No. 2:21-cv-01660 KJM AC PS |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| STEVEN RICHARD BURLINGHAM, et al., | |
| Defendants. | |

On September 14, 2021, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and finds that this court lacks subject matter jurisdiction, and that this action accordingly must be dismissed with prejudice. On September 17, 2021, the undersigned issued an order to show cause why the case should not be dismissed with prejudice, cautioning plaintiff that failure to respond would result in a recommendation of such dismissal. ECF No. 4. Plaintiff did not respond.

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of

citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019), reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).  Absence of subject matter jurisdiction requires a federal court to dismiss a case.  See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

The complaint before the court alleges federal question jurisdiction, based on the following: "Fraud Upon the Court as set forth in Cox v. Burke 706 So.2d 43 47 (Fla. 5th DCA 1998) (FRCP 60(b) The Catch-all permits relief from a Judgment for any reason that justifies relief."  ECF No. 1 at 5.  This language does not demonstrate the existence of federal question jurisdiction.  The case cited, Cox v. Burke, 706 So. 2d 43, 47 (Fla. Dist. Ct. App. 1998), is a Florida state court case that has no bearing on federal jurisdiction.  Indeed, the Cox decision does not reference federal jurisdiction at all.  Federal Rule of Civil Procedure 60(b) likewise does not create jurisdiction; it provides for relief from a federal court judgment in certain circumstances.

A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).  Plaintiff's complaint does not clearly invoke any federal law or constitutional right.  See ECF No. 1.

The content of plaintiff's 101-page complaint, though difficult to decipher, appears to appeal a state court judgment or sue attorneys for defrauding plaintiff's mother in a state court case.  See ECF No. 1 at 11-17.  State court judgments cannot be appealed or disputed in federal court, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (Rooker-

Feldman doctrine precludes federal courts from entertaining challenges to state court judgments), and professional malpractice and fraud are state law matters.

Because the undersigned finds this court does not have jurisdiction to hear this case, and because plaintiff has not demonstrated otherwise by responding to the previously issued order to show cause, it is hereby recommended that this case be DISMISSED WITH PREJUDICE for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, parties may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 14, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3